[No. 22357.   Department One.   July 22, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. A. F. COLE, *Appellant*.[1]

*Glen R. Metsker* and *Chas. D. McCarthy,* for appellant.

*Cecil C. Hallin* and *J. E. Stone,* for respondent.

MILLARD, J.—A. F. Cole, owner and operator of the Empire Garage in the city of Kelso, and two of his employees were charged by information with the crime of being jointists.   The trial resulted in acquittal of W. L. Richards and verdict of guilty as to the other defendants.   From the judgment and sentence pronounced in accordance with the verdict, defendant A. F. Cole prosecutes this appeal.

[1]Reported in 290 Pac. 329.

■ Insisting that the writing on labels affixed to eight bottles of moonshine whiskey purchased from appellant and his two employees was hearsay evidence, counsel for appellant contend that the court erred in permitting state's witnesses Bird, Raney and Madsen to use the written memoranda on the labels for the purpose of identifying the exhibits; and that the court committed error in instructing the clerk to paste paper over the memoranda at the time the bottles were admitted in evidence, and before appellant had an opportunity to cross-examine one of the state's witnesses who identified the exhibits. The record does not disclose that witnesses Bird and Raney referred to any writing on the exhibits when testifying. Nor does it appear that objection was made by appellant to any of the testimony of Bird and Raney. Failure to raise objection in the court below precludes urging of objection in this court.

■ State's witness Madsen testified that, on a number of occasions, he purchased moonshine whiskey in bottles at the Empire Garage from appellant and his two employees. When one of the bottles was handed to the witness as an exhibit for identification, counsel for appellant objected

". . . to this witness refreshing his memory from any evidence or memorandum placed in his hands by counsel. It is incompetent for any purpose, and there is no showing made here to justify any such testimony."

Counsel for the state then laid proper predicate for the identification of the bottle of whiskey as the one purchased by the witness from appellant. Without objection from appellant, Madsen testified that, at the time each purchase was made, or shortly thereafter, he affixed to the bottle a label on which he wrote a description of the contents of the bottle, date of pur-

chase, name of person from whom purchase was made, price paid for the liquor, names of witnesses, etc. He further testified that it would be necessary for him to refer to the writing on the label in order to identify the bottle as the one purchased by him from appellant. No objection was made by appellant when the witness was then asked to refresh his recollection from the marks of identification made by him on the bottle, and to state what the exhibit for identification was. The same procedure was followed in the identification of each of the eight bottles, to which appellant did not interpose objection. Objecting to the offer of the exhibits in evidence, "and particularly to the hearsay matter in the form of written memorandum on the various exhibits, as incompetent, hearsay and not the best evidence," appellant further objected as follows when counsel for the state requested erasure of the writing:

"MR. METSKER: Your three witnesses, including the one who is on the witness stand, over objection has refreshed his memory from the written memorandum on these bottles. Certainly the court does not want to be in the position of being *particeps criminis* with these prosecutors here of destroying the evidence, and we certainly object to the destruction of evidence in this case. They have made this very incompetent, and it is incompetent, but after using it in this case and exhibiting it before the jury, and having various witnesses refresh their memory from this memorandum, it is not proper to destroy it and make some other part of the exhibit competent.

"THE COURT: Do you want the evidence to go in?

"MR. METSKER: I object to the destruction of any memorandum that any witness has been permitted to refresh his memory from on the witness stand and give evidence from. I object to the introduction of these exhibits in evidence on the ground they contain evidentiary matter in the way of memorandum recital that is absolutely incompetent as hearsay in this case, and has no right to go to the jury for the jury to read

32

and examine. It is not evidence. It is only written memorandum and recital of alleged acts. The court can see from the very nature of it, how prejudicial it would be for this to go in evidence before the jury.

"THE COURT: The bottles will be admitted in evidence, and you will paste another piece of paper over both labels, so that they can not be seen by the jury."

While complaining that the concealing of the writing on the labels deprived him of an opportunity to cross-examine the witness relative to the memoranda, yet appellant argues that the jurors could "easily have read the memoranda" through the paper slips pasted over the labels.

If the writing was discernible, through the paper covers, to the jurors, it was not hidden from the view of counsel for appellant. There was no denial of the right of cross-examination of the witness with reference to the writing made by him on the labels. Prior to the placing of the paper slips over the labels, appellant's counsel cross-examined the witness at length. Counsel did not choose to question the witness concerning the writing. Having refrained from exercising the privilege of cross-examining the witness, this phase of the assignment is without merit.

Assuming the slips over the labels did not withdraw from the observation of the jurors the memoranda of which appellant complains, it was not prejudicial error to permit the introduction of the bottles of whiskey, including the labels thereon. It is clear the jury understood that the labels were not admitted as substantive evidence, but as marks of identification merely. The memoranda referred to by the witness in connection with his testimony to the effect that he made the memoranda at or about the time he made the purchases, that the memoranda was correct and that, without refreshing his recollection by the memoranda, he could not testify as to the identity of purchases,

laid the proper foundation for admitting the bottles, together with the marks of identification thereon, in evidence. The appellant could not have been prejudiced by the admission in evidence of the memoranda testified about by the witness, as nothing was stated in the memoranda, testified by the witness to have been made by him, other than what he stated as facts recollected by him after refreshing his memory.

Appellant also assigns as error the denial of his motion for a new trial on the ground of newly discovered evidence.

The affidavits in support of the motion have not been incorporated in or made a part of the statement of facts, therefore we will not review the ruling of the trial court thereon. We have uniformly followed the rule that affidavits not made a part of the statement of facts can not be considered on appeal.

The judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.